UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 18-14372-CV-MARTINEZ
MAGISTRATE JUDGE REID

EARL BUTLER,

    Petitioner,

v.

MARK S. INCH,[1]

    Respondent.

                                 /

## **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

### I.    Introduction

*Pro se* Petitioner, **Earl Butler**, who is presently confined at the DeSoto Annex, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction and sentence, entered following a jury trial in Florida's Tenth Judicial Circuit, Highlands County, in Case No. 2012-CF-968. [ECF No. 1]. This Cause has been referred to the Undersigned for consideration and report, pursuant to 28 U.S.C. § 636(b)(1)(B) and the Rules

---

[1] Julie L. Jones is no longer the Secretary of the Department of Corrections. Mark S. Inch is now the proper respondent in this proceeding. Inch should, therefore, "automatically" be substituted as a party under Federal Rules of Civil Procedure 25(d)(1). The Clerk is directed to docket and change the designation of the Respondent.

Governing Section 2254 Petitions. [ECF No. 15].

For its consideration of the Petition [ECF No. 1], the Court has received the State's Response [ECF No. 11] to this Court's Order to Show Cause, along with its supporting appendices [ECF Nos. 12, 13], containing copies of relevant state court records and transcripts, and Petitioner's Reply [ECF No. 14].

After reviewing the record, and as further discussed below, the Undersigned recommends that the Petition [ECF No. 1] be denied because six of his claims are unexhausted and procedurally defaulted and Petitioner is not entitled to relief on the merits for his single remaining claim that was properly exhausted.

## II. Factual and Procedural History

### A. Charges

Petitioner was charged with two counts of possession of cocaine with intent to sell; two counts of sale of cocaine; two counts of possession of drug paraphernalia; and one count of unlawful use of a two-way communication device. [ECF No. 12-1, pp. 9-12]. Petitioner, through counsel, moved to dismiss the information arguing that Florida Statute § 893.16 was unconstitutional on its face. [*Id.*, 99. 14-15]. The trial court denied the motion. [*Id.*, p. 21].

### B. Trial Evidence

At trial an undercover police officer testified he made two purchases of cocaine from Petitioner. [ECF No. 13-1, pp. 158-223]. The officer testified that he

knew Petitioner prior to the purchases. [*Id.*, p. 161]. The officer positively identified Petitioner prior to trial in a photo line-up and again at trial. [*Id.*, pp. 207, 225].

Petitioner testified that he did not recall being at the location of the sale on the date it occurred. [*Id.*, p. 329]. He denied engaging in any drug transaction with the undercover officer that day. [*Id.*, p. 330].

Petitioner was found guilty of all charges. [ECF No. 12-1, pp. 23-25]. The court adjudicated Petitioner guilty and sentenced him to a total term of thirty years imprisonment. [*Id.*, pp. 27-39].

**C.** **Direct Appeal**

Petitioner appealed, arguing that the trial court committed reversible error by permitting a deputy to testify that he had met Petitioner before the encounter and had Petitioner's telephone number. [*Id.*, pp. 41-59]. The appellate court affirmed Petitioner's conviction. [*Id.*, p. 74].

**D.** **Rule 3.850 Motion**

Petitioner filed a motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850 ("Rule 3.850 motion") raising numerous claims for relief. [*Id.*, pp. 98-111]. The state trial court struck the motion with leave to file an amended motion. [*Id.*, p. 115]. Petitioner filed an amended Rule 3.850 motion. [*Id.*, pp. 117-131]. The trial court entered an order striking certain claims and denying other claims on the merits. [*Id.*, pp. 151-55]. The court granted Petitioner leave to amend the stricken claims.

[*Id*.]. Petitioner filed a second amended Rule 3.850 motion. [*Id.*, pp. 200-24]. The claims raised in this second amended motion are the same seven that have been raised in the instant federal habeas petition. He argued that counsel was ineffective for:

1) Failing to locate interview and call witnesses who appeared in the video at the time the undercover officer purchased cocaine.

2) Failing to file a motion *in limine* to exclude testimony about phone calls.

3) Failing to move to suppress an out of court identification based on an impermissibly suggestive photo array.

4) Failing to investigate two cigarette boxes for fingerprints.

5) Filing a motion to dismiss based on *Shelton v. Sec'y, Dep't of Corr.*, 802 F. Supp. 2d (M.D. Fla. 2011).

6) Failing to impeach the police officer's testimony with videos.

7) Failing to challenge the State's delay in filing the information.

[*Id.*].

The trial court entered an order denying claims two, three and five while ordering the State to file a response to claims one, four, six and, seven. [*Id.*, pp. 227-30]. The court denied Petitioner's request to file another amended complaint. [*Id.*, p. 300]. After the state filed its response, the court entered an order denying claims four and seven. [*Id.*, pp. 318-21]. An evidentiary hearing was scheduled on claims one and six. [*Id.*]. After the evidentiary hearing, the trial court entered an order denying claims one and six. [*Id.*, pp. 323-24]. Petitioner appealed.

In his appellate brief Petitioner argued that the trial court erred in denying his claim that counsel was ineffective for failing to file a motion to dismiss due to the seven-month delay in formally charging him. [*Id*., pp. 341-56]. Petitioner did not present any argument regarding the other claims raised in his Rule 3.850 motions. [*Id*.]. The appellate court affirmed the denial of the Rule 3.850 motion. [*Id*., p. 373].

E.  **Appellate Habeas Corpus**

Petitioner filed a petition for writ of *habeas corpus* in the appellate court alleging that appellate counsel was ineffective failing to file a timely Rule 3.800(B)(2) motion to correct sentence in order to preserve sentencing errors for appeal. [*Id*., pp. 380-87]. The appellate court denied this petition. [*Id*., p. 455].

### III.  Statute of Limitations and Exhaustion

The state properly concedes that the petition was filed timely but contends that Petitioner has failed to exhaust all but one of his claims because he did not raise those six claims in his appeal of the denial of his Rule 3.850 motion. Petitioner has filed a reply in which he presents no argument regarding his exhaustion of his claims.

An applicant's federal writ of habeas corpus will not be granted unless the applicant exhausted his state court remedies. *See* 28 U.S.C. § 2254(b), (c). A claim must be presented to the highest court of the state to satisfy the exhaustion requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *see also Richardson v. Procunier*, 762 F.2d 429, 430 (5th Cir. 1985). In a Florida non-capital case, this

means the applicant must have presented his claims in a district court of appeal. *See Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995). The claims must be presented in State court in a procedurally correct manner. *See id.*

Although Florida law does not require the filing of a brief when a petitioner appeals the denial of claims in a Rule 3.850 motion, if the petitioner does file a brief, he abandons those claims not raised in his brief. *See Prince v. State*, 40 So. 3d 11, 1314 (Fla. 4th DCA 2010). Here, the state record establishes that although Petitioner presented these same seven claims in his Rule 3.850 motion, he only pursued one of those claims in his appeal of the denial of that motion. On appeal of the denial of his Rule 3.850 motion, Petitioner only argued that the trial court erred in failing to conduct an evidentiary hearing on his claim that counsel was ineffective for failing to move to dismiss the charges. Under Florida law, his failure to raise the remaining six claims acted as a waiver of those claims. *See Hammond v. State*, 34 So.3d 58, 59 (Fla. 4th DCA 2010). As such those claims are unexhausted.

Unexhausted claims may be treated "as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile." *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999). A procedural-default bar in federal court can arise in two ways: (1) when a petitioner raises a claim in state court and the state court correctly applies a procedural default principle of state law; or (2) when the petitioner never raised the

[federal] claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred in state court. *Id*. at 1302-03. Any attempt by the petitioner to return to state court to raise his ineffective assistance of counsel claims through a motion for post-conviction relief would be futile as any such motion would be both successive and time-barred. *See* Fla. R. Crim. P. 3.850(b), (h).

Under the doctrine of procedural default, "[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (internal quotations omitted).

A petitioner may avoid the procedural default "if he can establish that a fundamental miscarriage of justice, the continued incarceration of one who is actually innocent, otherwise would result." *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010); *see also, McQuiggen v. Perkins*, 569 U.S. 383, 387 (2013). This exception requires the petitioner to demonstrate actual innocence, not just legal innocence. *See Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012). "Only if [Petitioner] can meet the requirements for proving his actual innocence will he 'then be entitled to have his defaulted claim'... considered on its

7

merits." *United States v. Montano*, 381 F.3d 1265, 1273 (11th Cir. 2004) (quoting *Bousley v. United States*, 523 U.S. 614, 624 (1998)).

Petitioner has presented no argument regarding either cause for his failure to exhaust the six claims or prejudice should his claims not be considered. In the absence of any argument, the six unexhausted claims are not grounds for relief in this federal habeas proceeding as they have been procedurally defaulted.

## IV. Standard of Review

A prisoner in state custody may not be granted a writ of habeas corpus for any claim that was adjudicated on the merits in state court unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented" to the State court. 28 U.S.C. § 2254(d)(1), (2); *see also Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *Fugate v. Head*, 261 F.3d 1206, 1215-16 (11th Cir. 2001).

A state court decision is "contrary to" or an "unreasonable application of" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and

nevertheless arrives at a result different from Supreme Court precedent. *See Brown v. Payton*, 544 U.S. 133, 141 (2005); *see also Williams*, 529 U.S. at 405-06. In the habeas context, clearly established federal law refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. *Hall v. Head*, 310 F.3d 683, 690 (11th Cir. 2002) (citing *Williams*, 529 U.S. at 412). However, in adjudicating a petitioner's claim, the state court does not need to cite Supreme Court decisions and the state court need not even be aware of the Supreme Court cases. *See Early v. Packer*, 537 U.S. 3, 8 (2002); *Parker v. Sec'y, Dep't of Corr.*, 331 F.3d 764, 775-76 (11th Cir. 2003).

So long as neither the reasoning nor the result of the state court decision contradicts Supreme Court decisions, the state court's decision will not be disturbed. *See id.* Further, a federal court must presume the correctness of the state court's factual findings unless the petitioner overcomes them by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *see also Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001).

More recently, the U.S. Supreme Court in *Wilson v. Sellers*, 584 U.S.\_\_\_, \_\_\_, 138 S. Ct. 1188, 1194 (2018), concluded there is a "look through" presumption in federal habeas corpus law, as silence implies consent. *See also Kernan v. Hinojosa*, 578 U.S. \_\_\_, \_\_\_, 136 S. Ct. 1603, 1605-1606 (2016) (*per curiam*) (adopting the presumption that silence implies consent but refusing to impose an irrebuttable

9

presumption). Where the state court's adjudication on the merits of a claim is unaccompanied by an explanation, the U.S. Supreme Court instructs that:

> "[T]he federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." *Wilson*, 584 U.S. at ___, 138 S. Ct. at 1192.

In other words, if the last state court to decide a prisoner's federal claim provides an explanation for its merits-based decision in a reasoned opinion, "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Id.* However, if the relevant state-court decision on the merits is not accompanied by a reasoned opinion, because it was summarily affirmed or denied, a federal court "should 'look through' the unexplained decision to the last state-court decision that does provide a relevant rationale." *Id.*

The presumption, however, may be rebutted by showing the state court's adjudication most likely relied on different grounds than the lower state court's reasoned decision, such as persuasive alternative grounds briefed or argued to the higher court or obvious in the record. *See id.* at 1192, 1196. "Where there are convincing grounds to believe the silent record had a different basis for its decision than the analysis followed by the previous court, the federal habeas court is free, as we have said, to find to the contrary." *Id.* at 1197.

Moreover, the Supreme Court repeatedly has held that "[t]he petitioner carries

the burden of proof" and that the § 2254(d)(1) standard is a high hurdle to overcome. *Bobby v. Dixon*, 565 U.S. 23, 24 (2011) (quoting *Harrington v. Richter*, 560 U.S. 86, 102-103 (2011) (quotation marks omitted)); *see also Cullen v. Pinholster*, 563 U.S. 170, 180 131 (2011); *see also Rimmer v. Sec'y, Fla. Dep't of Corr's*, 876 F.3d 1039, 1053 (11th Cir. 2017). Thus, state court decisions are afforded a strong presumption of deference even when the state court adjudicates a petitioner's claim summarily—without an accompanying statement of reasons. *See Richter*, 560 U.S. at 96-100.

Because the "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court," *Burt v. Titlow*, 571 U.S. 12, 19 (2013), federal courts can "grant habeas relief only when a state court blundered in a manner so 'well understood and comprehended in existing law' and 'was so lacking in justification' that 'there is no possibility fair-minded jurists could disagree.'" *Tharpe v. Warden*, 834 F.3d 1323, 1338 (11th Cir. 2016). This standard is "meant to be" a "difficult" one to meet. *Richter*, 562 U.S. at 102.

Petitioner has raised seven claims, each claiming ineffective assistance of counsel. The United States Supreme Court clearly established the law governing claims of ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a criminal defendant to show that: (1) counsel's performance was deficient and (2) the deficiency prejudiced him. *See id.* at 690. As

11

to the first prong, deficient performance means performance outside the wide range of professionally competent assistance. *See id.* The judiciary's scrutiny of counsel's performance is highly deferential. *See id.* at 689.

As to the second prong, a defendant establishes prejudice by showing that, but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have been different. *See id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. *See id.*

A defendant must satisfy both the deficiency and prejudice prongs set forth in *Strickland* to obtain relief on an ineffective assistance of counsel claim. Failure to establish either prong is fatal and makes it unnecessary to consider the other. *See id.* at 697.

Combining AEDPA's habeas standard and *Strickland*'s two-pronged test provides the relevant inquiry in this case. To obtain habeas relief, a petitioner must show the state court "applied *Strickland* to the facts of his case in an objectively unreasonable manner" when it rejected his claims of ineffective assistance of counsel. *Bell v. Cone*, 535 U.S. 685, 699 (2002).

### V.     Discussion

The Petition has presented the following seven claims:

1. Trial counsel was ineffective for failing to investigate, locate and interview witnesses in the video.

    2.      Trial counsel was ineffective for failing to file a motion *in limine* to exclude testimony about phone calls and the actual calls.

    3.      Trial counsel was ineffective for failing to file a motion to suppress an out of court identification based on an impermissibly suggestive procedure.

    4.      Trial counsel was ineffective for failing to investigate evidence of Petitioner's actual evidence by failing to have two cigarette boxes checked for fingerprints.

    5.      Trial counsel was ineffective for failing to investigate and discover the case law relied upon in the motion to dismiss was frivolous.

    6.      Trial counsel was ineffective for failing to impeach the testimony of two police officers with police surveillance video.

    7.      Trial counsel was ineffective for failing to move to dismiss the charging document based on a delay in filing of the charging document.

As discussed above, claims one through six are unexhausted and procedurally defaulted. Therefore, only claim seven will be addressed on the merits.

In Petitioner's sole unexhausted claim he contends that counsel was ineffective for failing to move to dismiss the charging document. He argues that counsel should have argued the delay in issuing the information denied him due process because his defense was prejudiced. Petitioner claims that if counsel had pursued this argument the charges would have been dismissed.

This claim was raised in Petitioner's Rule 3.850 motion. In its order denying this claim the trial court adopted the State's response. [ECF No. 12-1, p. 320]. In its response the State argued that Petitioner could not establish that he was prejudiced

by counsel's failure to file the motion to dismiss. [*Id*., p. 305].

The State, citing *Rogers v. State*, 511 So. 2d 526, 531 (Fla. 1987), contended that under Florida law that a defendant must establish actual prejudice in order to sustain a due process violation for prearrest delay in the filing of a charging document. [ECF No. 12-1, p. 305]. The State, citing *Howell v. State*, 418 So.2d 1164 (Fla. 4th DCA 1982), further argued that pursuant to Florida law, the defendant must first show actual prejudice before any further consideration is given to such a claim. [ECF No. 12-1, p. 305]. The State noted that the courts in both *Howell* and *Rogers* had found that speculative allegations of faded memories or loss of alibi witnesses did not rise to the level of actual prejudice. [ECF No. 12-1, p. 305]. The State, relying on, *Rogers,* 511 So. 2d at 531, contended that even if the defendant shows actual prejudice, the State has the opportunity to show why the delay was necessary. [ECF No. 12-1, p. 305].

The State, in applying the facts of this case argued that there was a legitimate state interest that required the delay. [*Id*.]. As recounted by the State, the location where the cocaine sales were made had been the subject of a long, ongoing investigation which resulted in a number of additional cases, including another case against Petitioner. [*Id*.]. The State also pointed out that the delay of less than seven months was not unreasonable. [*Id*.].

Petitioner's only claim of prejudice is that the delay allowed the "real

14

defendant and witnesses at the seen [sic] and alibis to be washed away with the ongoing investigation." [ECF No. 1, p. 13]. However as was noted by the State, the speculative allegation of faded memories or lost alibi witnesses is not sufficient to establish actual prejudice. Thus, under Florida law, Petitioner failed to meet his initial burden to establish a due process violation.

The state court's denial of this claim was not contrary to, or an unreasonable application of, *Strickland*. In finding that Petitioner could not establish that he was actually prejudiced by the delay in the filing of the charging document, the state court necessarily found that a motion to dismiss based on the delay was without merit. Since the motion was meritless, counsel cannot be found ineffective for failing to pursue the motion to dismiss. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *see also United States v. Sanders*, 165 F.3d 248, 253 (3rd Cir. 1999).

## VI. Certificate of Appealability

Rule 11(a) Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rules Governing §2254 Proceedings, R. 11(b).

After review of the record, Petitioner is not entitled to a certificate of

appealability. "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because the claims raised are either procedurally barred or without merit, Petitioner cannot satisfy the *Slack* test.

## VII. Conclusion

Based upon the foregoing, it is recommended that this Petition for Writ of Habeas Corpus [ECF No. 1] be denied, that no Certificate of Appealability issue and the case be closed.

Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the court. Failure to do so will bar a *de novo* determination by the District Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 18th day of February, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: **Earl Butler**
G02261
Desoto Annex
Inmate Mail/Parcels
13617 SE Highway 70
Arcadia, FL 34266
*PRO SE*

**Sonya Roebuck Horbelt**
Office of the Attorney General
Criminal Appeals Division
Concourse Center 4 Suite 200
3507 E Frontage Road
Tampa, FL 33607
Email: sonya.horbelt@myfloridalegal.com