UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION
Case Number: 18-14372-CIV-MARTINEZ-REID

EARL BUTLER,

    Petitioner,

vs.

MARK S. INCH,

    Respondent.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

THIS CAUSE was referred to the Honorable Lisette M. Reid, United States Magistrate Judge, for a Report and Recommendation ("R&R") on all dispositive matters, [ECF No. 2].  After initial screening, Magistrate Judge Reid filed a R&R, [ECF No. 17], recommending that Petitioner's *pro se* § 2254 Petition for Writ of Habeas Corpus be denied, that no certificate of appealability be issued, and that the case be closed.  Specifically, Magistrate Judge Reid found that six out of seven of Petitioner's claims were unexhausted and therefore procedurally barred. As to Petitioner's remaining claim for ineffective assistance of counsel for failure to file a motion to dismiss based on the State's delay in filing the information, Magistrate Judge Reid found that Petitioner could not establish the prejudice, and therefore, was not entitled to relief. Petitioner timely filed Objections to the R&R, [ECF No. 23], and the Court subsequently permitted Petitioner to supplement his Objections, [ECF No 29]. The Court has conducted a review of the entire record, including the issues raised in Petitioner's Objections, and agrees with Magistrate Judge Reid's conclusion that the Petition should be denied.

**I.     Discussion**

As an initial matter, it is clear that claims (1)–(6) of the Petition are unexhausted, as they were not raised on appeal of Petitioner's Rule 3.850 motion for post-conviction relief. Fla. R. Crim P. 3.850. Petitioner is correct that a "mixed" habeas petition is one that includes both exhausted and unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 227 (2204). In *Rose v. Lundy*, the Supreme Court ruled that, when confronted with mixed petitions, the district court must dismiss the petition in its entirety without prejudice, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." 455 U.S. 509, 510 (1982).

And, to address potential time-bar problems, the Supreme Court held in *Rhines v. Weber* that district courts have discretion to employ, in limited circumstances "stay and abeyance" procedures to hold a § 2254 petition in abeyance while the petitioner exhausts his previously-unexhausted claims. 544 U.S. 269, 275–77 (2005). Accordingly, since *Rhines*, the Eleventh Circuit has ruled that, "when a district court is confronted with a mixed § 2254 petition, the ordinary disposition is to either dismiss it in its entirety, or grant a stay and abeyance." *King v. Chase*, 384 F. App'x 972, 975 (11th Cir. 2010); *see Ogle v. Johnson*, 488 F.3d 1364, 1370 (11th Cir. 2007). The Eleventh Circuit has construed *Rhines* to require district courts to: "(1) make findings as to whether a stay and abeyance is warranted; and (2) if a stay is warranted, offer petitioners a choice to proceed with only the exhausted claims." *King*, 384 F. App'x at 975; *Thompson v. Sec'y for the Dep't of Corr.*, 425 F.3d 1364, 1366 (11th Cir. 2005).

Nonetheless, while a dismissal of mixed petitions is the ordinary rule, the Eleventh Circuit has held:

> when it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [a district court] can forego the

> needless "judicial ping-pong" and just treat those claims now barred by state law as no basis for federal relief….[W]here all the unexhausted claims are procedurally barred from being considered in Florida courts, it would serve no purpose to dismiss the petition for further exhaustion because review of those claims is unavailable in state courts.

*Snowden v. Singletary*, 135 F.3d 732, 736–37 (11th Cir. 1998). Here, the R&R makes clear that the Florida courts would no longer entertain Petitioner's ineffective assistance of counsel claims on the merits because they would be deemed both successive and time-barred. *See* Fla. R. Crim. P. 3.850(b), (h); *see also Aldridge v. State*, 503 So.2d 1257, 1258 (Fla. 1987) (holding that a state prisoner is procedurally barred from raising on a second motion for postconviction relief "somewhat different facts to support his ineffective-assistance-of-counsel claim"). Petitioner has demonstrated no cause for not having raised claims (1)–(6) in the Rule 3.850 appellate proceeding.[1]

Consequently, the Court can address Petitioner's remaining seventh claim for ineffective assistance of counsel for failing to challenge the State's delay in filing the information—the only exhausted claim in the Petition. *See Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1351–52 (11th Cir. 2004) (addressing petitioner's remaining exhausted claims after finding that the unexhausted claims would be procedurally barred from review by the Florida courts). After review, the Court agrees with the R&R's well-reasoned analysis that Petitioner cannot establish prejudice pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984); *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001).

### II.     Certificate of Appealability ("COA")

In order to receive a COA, a petitioner must make "a substantial showing of the denial of

---

[1] For the same lack of cause, and because a stay and abeyance procedure would be futile in light of the state procedural bar discussed, the Court finds that a stay is not warranted under *Rhines*.

a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court has denied a habeas petition on procedural grounds, the petitioner must show that reasonable jurists would find debatable (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, reasonable jurists would not debate the district court's denial of the Petition. Accordingly, no COA shall be issued.

Accordingly, after careful consideration, it is hereby:

**ADJUDGED** that United States Magistrate Judge Reid's Report and Recommendation, [ECF No. 17], is **AFFIRMED** and **ADOPTED**.

Accordingly, it is **ADJUDGED** that:

1. Petitioner's *pro se* § 2254 Petition for Writ of Habeas Corpus, [ECF No. 1], is **DENIED**, and Petitioner's Objections are **OVERRULED**.

2. No Certificate of Appealability shall be issued.

3. This case is **CLOSED**, and all pending motions are **DENIED AS MOOT**. Final judgment shall be filed separately.

DONE AND ORDERED in Chambers at Miami, Florida, this 5th day of November, 2020.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Reid
All Counsel of Record
Earl Butler, *pro se*